

ORDERED in the Southern District of Florida on November 4, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                            Case No. 25-12808-RAM

CHRISTOPHER MICHAEL BORCHETTA,          Chapter 7

    Debtor.
_____/

**ORDER DENYING MOTIONS FOR PROTECTIVE ORDER AND DIRECTING
COMPLIANCE WITH ORDER COMPELLING RULE 2004 EXAMINATIONS VIA ZOOM**

The issue presented in two pending motions for protective order is whether Fed. R. Civ. P. Rule 45(c)(1)(A) precludes the Court from compelling two out-of-state, non-party witnesses to appear for Fed. R. Bankr. P. 2004 examinations via Zoom where the examinations will be conducted from locations within 100 miles of the witnesses' residences. The Court concludes it does not.

### Limited Background and Procedural History

The Court conducted a hearing on October 16, 2025 on the Motion for Protective Order and to Quash Subpoena to Non-Party Adelle Borchetta [DE# 58] (the "A. Borchetta

1

Motion") filed by Adelle Borchetta ("Ms. Borchetta") and the Motion for Protective Order and to Quash Subpoena to Non-Party Andrew Fromm [DE# 69] (the "Fromm Motion" and together with the A. Borchetta Motion, the "Motions for Protective Order") filed by Andrew Fromm ("Mr. Fromm" and together with Ms. Borchetta, the "Non-Party Witnesses").

In the Motions for Protective Order, the Non-Party Witnesses seek, among other things, an order protecting them from appearing for remote Rule 2004 examinations via Zoom conducted by Scott Brown, as chapter 7 trustee (the "Trustee"). Following the October 16th hearing, the Court entered its Order Reserving Ruling and Directing Supplemental Compliance [DE# 81] (the "Order Reserving Ruling"). That Order reserved ruling on the Motions for Protective Order on the issue of remote Rule 2004 examinations via Zoom. This Order rules on that issue.

Ms. Borchetta is the sister and business partner of Christopher Michael Borchetta (the "Debtor"). Ms. Borchetta lives in Tennessee. Mr. Fromm is the Debtor's business partner. Mr. Fromm also lives in Tennessee. The Debtor, Ms. Borchetta, and Mr. Fromm operated two rental properties in Puerto Rico. The real properties and assets (allegedly including a container home and an airstream) were owned by two Puerto Rican entities. It is unclear who owns the entities. The real properties and assets were allegedly sold prior to the Debtor filing this bankruptcy case. The Trustee (and judgment creditor Scott Hankins) are seeking discovery from the Non-Party Witnesses regarding the Puerto Rican entities, the sale of assets, and the disposition of sale proceeds. Without question, the requested discovery is relevant to the Debtor's assets and financial affairs.

On July 10, 2025, the Trustee served the Subpoena for Rule 2004 Examination *Duces Tecum* on Ms. Borchetta and, on July 15, 2025, the Trustee served a Subpoena for Rule 2004 Examination *Duces Tecum* on Mr. Fromm. *See* DE# 41 (copies of the

2

subpoenas) and DE# 49 (proof of service). The subpoenas required document production from Ms. Borchetta on August 12, 2025 and from Mr. Fromm on August 13, 2025. The subpoenas also scheduled the remote Rule 2004 examination via Zoom of Ms. Borchetta on August 14, 2025 and of Mr. Fromm on August 15, 2025. Neither Ms. Borchetta nor Mr. Fromm produced any response or documents or appeared for their scheduled examination.

On September 5, 2025, after notice and a hearing in which the Non-Party Witnesses failed to appear, the Court entered its Order Granting Motion to Compel Discovery [DE# 55] (the "Order Compelling Discovery"). The Order Compelling Discovery required the Non-Party Witnesses to produce documents by September 10, 2025 and rescheduled the remote examination via Zoom of the Non-Party Witnesses for September 11, 2025.

On September 11, 2025, Ms. Borchetta filed the A. Borchetta Motion and Non-Party Adella Borchetta's Response to Request for Discovery [DE# 57]. On September 29, 2025, Mr. Fromm filed the Fromm Motion and Non-Party Andrew Fromm's Response to Request for Discovery [DE# 70]. Also on September 29, 2025, counsel appeared on behalf of the Non-Party Witnesses. *See* DE# 68 (notice of appearance). On September 30, 2025, the Non-Party Witnesses filed affidavits in support of the Motions for Protective Order. *See* DE#'s 75 and 76.[1]

## Discussion

In the Motions for Protective Order, the Non-Party Witnesses argue that, because they are residents of Tennessee, they are protected from appearing for remote Rule 2004

---

[1] This Order does not address document production because the Non-Party Witnesses did not raise a Rule 45(c) 100-mile objection to producing documents to the Trustee in this forum. To be clear, the Court's Order Reserving Ruling, entered after counsel's appearance on behalf of the Non-Party Witnesses, directs final compliance by the Non-Party Witnesses with the Trustee's requests for production of documents.

3

examination by the 100-mile geographic limitation set forth in Fed. R. Civ. P. 45(c)(1)(a), made applicable here by Fed. R. Bankr. P. 9016.

The subpoenas were properly served on the Non-Party Witnesses and the Order Compelling Discovery predates the Motions for Protective Order. The Non-Party Witnesses' objection based on the 100-mile geographic limitation could be viewed as untimely and thus waived. Indeed, the Trustee advanced such argument at the October 16th hearing. However, the Court is not basing its ruling on waiver because, on the merits, the Court concludes that the remote Rule 2004 examinations via Zoom are authorized by Rule 45(c)(1)(A).

Rule 45(c)(1)(A) provides that a subpoena may command a person's attendance at a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). The text focuses on the place of compliance for the witness, not the location of the court, the noticing party, or counsel. *See Int'l Seaway Trading Corp. v. Target Corp.*, 2021 U.S. Dist. LEXIS 31755 at *12-13, 2021 WL 672990 (D. Minn. Feb. 22, 2021). When testimony is taken by remote means, the witness "attends" from the location where the witness appears and participates. Accordingly, if a subpoena provides for a witness to appear for examination remotely by Zoom from a location within 100 miles of where the witness resides, is employed, or regularly transacts business in person, the subpoena complies with Rule 45(c)(1)(A). This result does not change if the court or counsel conducting the examination are situated beyond the 100-mile geographic limitation. *See U.S. v. $110,000 in U.S. Currency*, 2021 U.S. Dist. LEXIS 108951, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) (citing Rule 45(c) advisory committee's note to 2013 amendment and stating that "Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling

4

more than 100 miles to provide testimony or produce documents in a proceeding to which they are not a party.").

This interpretation is supported by the growing body of authority addressing remote testimony in the post-Covid environment. In *In re Combs*, the bankruptcy court held, in the Rule 2004 context, that Rule 45(c) is satisfied where the non-party witness appears remotely from a location within 100 miles of the witness's residence. *In re Combs*, 668 B.R. 896, 901-02 (Bankr. S.D. Fla. 2025) ("Because [the non-debtor witness] can attend her Rule 2004 Exam virtually in any location she desires, the issue of distance is within her control."); *see Int'l Seaway Trading Corp.*, 2021 U.S. Dist. LEXIS 31755 at *13 ("Virtual attendance . . . is consistent with the plain language of Rule 45(c)(1)(A) because he has been commanded to attend the deposition within 100 miles of where he resides."); *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 815 (D. Md. 2020), *vacated and remanded on other grounds*, 31 F.4th 889, 891 (4th Cir. 2022) ("Given the modification of the deposition notice to provide for a remote deposition over Zoom or other teleconferencing platform, the deposition notice no longer requires [the non-party witnesses] to travel more than 100 miles (or at all) to comply, so the Court declines to address [the non-party witness's] argument that the subpoena compels [the non-party witness] to comply outside of the geographical bounds of Rule 45(c).").

Other recent cases reached the same conclusion. In the multidistrict litigation *In re 3M Combat Arms Earplug Products Liability Litigation* ("*3M Combat Arms*"), the magistrate judge held that Rule 45(c)'s 100-mile geographic limitation is honored for remote trial testimony "by contemporaneous transmission" when the witness appears from within the 100-mile radius, notwithstanding the court or counsel's more distant locations. *In re 3M Combat Arms*, 2021 U.S. Dist. LEXIS 121444 at *13-14, 2021 WL 2605957 (N.D. Fla. May

28, 2021) ("The Court concludes that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)."). The Court finds the decisions in *Combs* and *3M Combat Arms* persuasive and adopts their reasoning here.

The Non-Party Witnesses argue that a remote Rule 2004 examination "occurs" where the court or the noticing party is located, rendering any Zoom appearance *per se* noncompliant if that forum is more than 100 miles away from where the witness resides, is employed, or regularly transacts business in person. Rule 45(c)(1)(A) contains no such forum-centric requirement. Its plain language ties the place of compliance to where the witness will attend. By conditioning the Rule 2004 examinations so that each witness appears remotely by Zoom from a location within 100 miles of where that witness resides, is employed, or regularly transacts business in person, the examinations comply with Rule 45(c)(1)(A).

The Court declines to follow *In re Larosa*, 2025 Bankr. LEXIS 901, 2025 WL 1024712 (Bankr. M.D. Fla. Apr. 4, 2025), cited by the Non-Party Witnesses' counsel at the October 16th hearing, and other cases cited by the Non-Party Witnesses in the Motions for Protective Order. In *Larosa*, a creditor sought Rule 2004 discovery from the debtor's future mother-in-law who resided in Alabama. *Id*. at *1-2. The creditor's subpoena listed the location of the Rule 2004 examination as Zoom and the place the produce documents as Miami, Florida. *Id*. at *2-3. The non-party witness failed to produce the requested documents and failed to appear at her Rule 2004 examination via Zoom. *Id*. at *2. The creditor filed a motion to compel compliance with the subpoena and the non-party witness appeared at the hearing on the motion to compel and objected. *Id*. at *1. The bankruptcy court concluded that the

place of compliance with a subpoena must be a physical location and not Zoom or other videoconferencing methods for taking depositions, *id*. at *3 and n.9, and ruled that "[b]ecause the subpoena simply directed [the non-party witness] to attend the Rule 2004 examination via Zoom, it does not comply with Rule 45, and the Court will not compel [the non-party witness's] compliance or sanction her [for] failure to attend the Rule 2004 examination." *Id*. at 3-4.  The court also "note[d] that if [the creditor] tries to serve another subpoena duces tecum on [the non-party witness] in compliance with Rule 45, the place of compliance for both the Rule 2004 examination and production of documents will lie outside of this district." *Id*. at *4.

The Court disagrees with the conclusion in *Larosa* and cases cited in that opinion. Instead, and as discussed earlier, the Court concludes that a Zoom examination from a location within 100 miles of where a witness resides is an appropriate place of compliance. The Court also disagrees with *Larosa*'s conclusion that compliance with subpoenas must be obtained where the witness resides, particularly where, as here, the Motions for Protective Order did not argue that the Court lacked jurisdiction to hear the underlying motion to compel and the Court has already entered its Order Compelling Discovery.

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Motions for Protective Order [DE#'s 58 and 69] are denied.

2. The Court's Order Compelling Discovery [DE# 55] remains in full force and effect.  The Trustee may conduct the Rule 2004 examinations of Ms. Borchetta and Mr. Fromm remotely via Zoom, provided that each witness appears from a location of the witness' choosing that is within 100 miles of where the witness resides, is employed, or regularly transacts business in person, as required by Fed. R. Civ. P. 45(c)(1)(A).

3.      Within fourteen (14) days of entry of this Order, counsel for the Trustee and the Non-Party Witnesses shall confer and select mutually agreeable dates and times for the Zoom examinations.  Unless the parties agree to a later date, the examinations must occur no later than December 1, 2025.  If no agreement is reached, the Trustee may notice the examinations via Zoom on not less than fourteen (14) days' written notice consistent with this Order.

###

**Copies to:**

**Stephen C. Breuer, Esq.**
Breuer Law, PLLC
6501 Congress Ave., Suite 240
Boca Raton, Florida 33487
*Special Counsel for the Trustee and*
*Counsel for Scott Hankens*

**Matthew Ramenda, Esq.**
Weiss Serota Helfman Cole & Bierman, P.L.
2255 Glades Road, Suite 200-E
Boca Raton, Florida 33431
*Counsel for Andrew Fromm and Adele Borchetta*

**Kathe Kozlowski, Esq.**
Kathe Kozlowski LLC
P.O. Box 1364
DeFuniak Springs, Florida 32435
*Counsel for the Debtor*